UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCOTT LECHKY,

                Plaintiff,

-*against*-

MANISH NAYAR; OYA SOLAR NY, L.P.; OYA SOLAR US GP INC.; MANISH NAYAR HOLDINGS INC.; OYA SOLAR CDG LLC; OYA SOLAR CORP.; *and* OYA DOE DEFENDANTS 1-25,

                Defendants.

**ORDER**

23-cv-1355 (ER)

---

Ramos, D.J.:

    Plaintiff Scott Lechky brought this action against Manish Nayar ("Nayar"), OYA Solar NY, L.P., OYA Solar US GP Inc., Manish Nayar Holdings Inc., OYA Solar CDG LLC, OYA Solar Corp., and OYA Doe Defendants 1–25 (collectively "OYA Solar") on January 30, 2023 in the Supreme Court of the State of New York, County of New York. On February 16, 2023, Defendants removed the action to this court based on diversity of citizenship. Now pending before this Court is Lechky's motion to remand the action back to state court and for costs and expenses incurred as a result of removal. For the reasons discussed below, Lechky's motion for remand is GRANTED and the request for associated costs is DENIED.

    **I.    BACKGROUND**

    Lechky is a Canadian citizen and a U.S. lawful permanent resident. Lechky and Nayar, also a Canadian citizen, met as classmates during business school. Doc. 1-1 ¶ 17. Nayar is the founder of OYA Solar, which includes multiple entities "essentially" owned and controlled by Nayar. *Id.* ¶ 20. After Lechky left his job at Antarctica, a New York-based investment management company, Lechky and Nayar began to discuss the possibility of working together

and ultimately agreed to do so. *Id.* ¶¶ 22, 29. Lechky was named the interim chief financial officer of one of the OYA Solar entities (OYA Solar NY, L.P.). *Id.* ¶ 31. As part of their agreement, Lechky's work on behalf of OYA Solar would also result in an equity stake in and leadership position at a larger project. *Id.* ¶ 33. Lechky obtained permanent resident status (a "green card") in 2022, while working for and with the help of Defendants. Bernadette Corpuz, OYA Solar's general counsel, and Nayar were both involved in Lechky's green card application process. OYA Solar NY, L.P. sponsored Lechky's green card and Nayar "worked [with Lechky] for the better part of a year" to obtain Lechky's green card. Doc. 17 ¶ 14. Moreover, Nayar was required to and did sign and submit documents in support of Lechky's green card application. *Id.* ¶ 17; *see also id.* at 31 (an email between Corpuz, Lechky, Nayar, and Lechky's attorney concerning consular processing); *see also id.* at 34–37 (emails among Lechky, Nayar, Corpuz, and lawyer, Alex Rojas, discussing the green card application and indicating that Corpuz would sign the immigration forms in Nayar's absence).

After starting at OYA Solar, Lechky discovered that Nayar had allegedly been misrepresenting the financial conditions of the business. *Id.* ¶ 47. As a result, Lechky declined to sign off on OYA Solar's audited financial statements, *id.* ¶ 113, which allegedly caused Nayar to terminate him. *Id.* ¶ 117.

On January 30, 2023, Lechky brought this action against Defendants alleging wrongful discharge and retaliation pursuant to NYLL § 740; breach of contract; quasi contract/unjust enrichment/quantum meruit; three claims of fraudulent inducement; and conversion. Lechky seeks $14 million for the breach of contract claim and $1 million in punitive damages.

In the complaint Lechky indicated that he was a resident of New York, Doc. 1-1 ¶ 6, but made no note of his citizenship. On February 16, 2023, Defendants removed the action to this

Court on the basis of diversity jurisdiction.  Doc. 1.  Defendants asserted that pursuant to 28 U.S.C. 1332(a), Lechky is a citizen of New York because "citizenship of a natural person is established by domicile."  *Id.* ¶ 6.

On March 20, 2023, Lechky filed a motion to remand this action to state court for lack of complete diversity because he and the Defendants are Canadian citizens.  Docs. 15, 18.  At a pre-motion conference held on March 21, 2023, Defendants were directed to advise the Court whether they agree that remand is appropriate and, if so, whether Lechky should be awarded costs.  As noted in their submission, Defendants agree that remand is appropriate because all of the parties are Canadian citizens.  However, Defendants oppose Plaintiff's request for costs and fees in connection with seeking remand.  Doc. 19.  Accordingly, the Court will only consider the question of costs and expenses.

## II.    LEGAL STANDARD

When remanding a case, the Court may award just costs and actual expenses, such as attorneys' fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).  "By allowing a plaintiff to recover attorneys' fees when a court grants a motion to remand, § 1447(c) serves the purpose of deterring improper removal.  Nonetheless, this provision leaves the decision to award such [fees] to the Court's discretion, and courts frequently decline to do so."  *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (alteration in original) (internal quotation marks and citation omitted); *Morgan Guar. Trust v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (holding that Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees").

The Supreme Court has clarified the proper standard governing when an award of attorneys' fees is warranted:  "[A]bsent unusual circumstances, attorney's fees should not be

awarded when the removing party has an objectively reasonable basis for removal." "Conversely, when an objectively reasonable basis exists, fees should be denied." Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed. *Williams v. Int'l Gun–A–Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)) (internal citations omitted).

The Plaintiff does not have to show bad faith to be entitled to attorney fees, but rather must simply show that the notice of removal did not have a solid basis in fact and law. *Marlin Bus. Bank v. Halland Companies, LLC*, 18 F. Supp. 3d 239, 241 (E.D.N.Y. 2014) ("The Court notes that, contrary to the contention of the Defendant, a case need not be removed improvidently or in bad faith for costs to be appropriate.") (quotes and citations omitted); *Mem'l Hosp. for Cancer & Allied Diseases v. Empire Blue Cross & Blue Shield*, No. 93 Civ. 6682 (JSM), 1994 WL 285518, at *1 (S.D.N.Y. June 27, 1994) ("[T]he Second Circuit has expressly held that § 1447(c) does not require a threshold determination of bad faith."). However, a plaintiff's lack of bad faith can be one, non-dispositive factor to consider under 28 U.S.C. § 1447(c). *See Marlin Bus. Bank v. Halland Companies, LLC,* 18 F. Supp. 3d at 241–2.

### III.    DISCUSSION

There is no dispute that all parties are Canadian citizens and Defendants agree that remand is appropriate. Doc. 19. However, Defendants argue that the Court should deny Lechky's request for costs and fees because there was a colorable, plausible, and reasonable basis to remove this action.

Defendants argue that they had a good faith basis to remove the case to district court because (1) Lechky affirmatively asserted that he was a resident of New York in the Complaint and made no averments as to his citizenship; (2) Lechky has not been employed by OYA Solar

since August 2022 and neither Defendants nor defense counsel knew his immigration status when the case was removed; and (3) after removal, Defense counsel received no notice from Lechky's counsel regarding his citizenship and Lechky did not raise any objections to the removal between the date of removal, February 16, 2023, and Lechky's motion for remand filed on March 20, 2023.  Doc. 19.

Lechky argues that there was no objectively reasonable basis for the removal because he and Nayar have known each other since business school and Nayar knew that he was Canadian. Furthermore, Nayar and OYA Solar were substantially involved with Lechky's green card application process in 2022 and were aware of his immigrant status and citizenship.

"A basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper." *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017) (citation omitted).  Defendants had at least a colorable basis for removal:  that Lechky stated in the complaint that he was domiciled in New York and made no averments to his citizenship.  "In practice, if lack of jurisdiction was not obvious from the face of the removal petition and no other unusual circumstances obtain, a court cannot conclude that an objectively reasonable basis was lacking." *Little Rest Twelve, Inc. v. Visan*, 829 F. Supp. 2d 242, 245 (S.D.N.Y. 2011) (citation omitted).  It was not objectively unreasonable for Defendants to infer that Lechky was a U.S. citizen domiciled in New York and therefore a citizen of New York. And while bad faith is not required, a lack of bad faith can be one, non-dispositive factor to consider.  *See Marlin Bus. Bank v. Halland Companies, LLC,* 18 F. Supp. 3d at 241–2.  That Defendants immediately agreed that remand was appropriate, is indicative of a lack of bad faith.

Accordingly, and in the exercise of its discretion, the Court will not award costs and attorneys' fees.  *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003).

## IV. CONCLUSION

The motion to remand the action to state court is GRANTED and the request for attorneys' fees is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 15, and remand the case to the Supreme Court of the State of New York, County of New York.

It is SO ORDERED.

Dated: April 6, 2023
       New York, New York

_____
Edgardo Ramos, U.S.D.J.